1
2
3
4
5
6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

7    US NATIONAL BANK ASSOCIATION,          Case No. 25-cv-04123-SK

8                          Plaintiff,

9          v.                              **REFERRAL FOR REASSIGNMENT AND REPORT AND RECOMMENDATION FOR REMAND**

10   SUSANNA ROUX VAN-GREUNEN, et al.,

11                         Defendants.       Regarding Docket Nos. 1, 2, 3

12          On May 13, 2025, Defendants Susanna Roux Van-Greunen and Ronald White, proceeding

13   *pro se*, removed this action from Contra Costa County Superior Court and filed applications to

14   proceed *in forma pauperis* ("IFP").  The parties have not consented to the jurisdiction of a

15   magistrate judge under 28 U.S.C. § 636(c) and therefore the Court does not have authority to make

16   a dispositive ruling in this case.  Accordingly, the Court orders that this case be REASSIGNED to

17   a district judge.  Moreover, for the reasons set forth below, the Court RECOMMENDS that the

18   District Court REMAND this action to state court.

19          The Court may authorize a plaintiff to file an action in federal court without prepayment of

20   fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such

21   fees or give security therefor.  28 U.S.C. § 1915(a).  The Court finds that Defendants have

22   demonstrated that they are unable to pay the filing fee and, thus, GRANTS their applications for

23   IFP.  However, the *in forma pauperis* statute provides that the Court shall dismiss the case if, *inter*

24   *alia*, the Complaint is frivolous or malicious, or fails to state a claim on which relief may be

25   granted.  28 U.S.C. § 1915(e)(2).  Moreover, the Court has an independent duty to ascertain its

26   jurisdiction and may remand a case *sua sponte* for lack of subject matter jurisdiction.  *See* 28

27   U.S.C. § 1447(c); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Federal courts are courts

28   of limited jurisdiction.  *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

United States District Court
Northern District of California

1   (1994).  Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on

2   the party seeking removal, and the removal statute is strictly construed against removal

3   jurisdiction.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v.*

4   *Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is

5   any doubt as to the right of removal in the first instance."  *Gaus*, 980 F.2d at 566.

6        Here, Plaintiff U.S. Bank National Association as Trustee for Angel Oak Mortgage Trust I

7   2019-2, Mortgage Backed Certificates, Series 2019-2 ("Plaintiff") filed an unlawful detainer

8   action against Defendants in state court to evict them from a property located in Antioch,

9   California.  (Dkt. No. 1.)  Defendants argue in their notice of removal that the Complaint for

10  unlawful detainer presents federal questions.  (*Id.*)  According to Defendants, the Protecting

11  Tenants at Foreclosure Act of 2009 ("PTFA") act preempts any state law to evict them and creates

12  a federal claim for ejectment.  (*Id.*)

13       However, the Court does not have federal question or diversity jurisdiction over this

14  matter.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded

15  complaint rule.'"  *Caterpillar Inc. v. Williams*, 482 U.S. 382, 392 (1987).  The well-pleaded

16  complaint rule recognizes that the plaintiff is the master of his or her claim.  "[H]e or she may

17  avoid federal jurisdiction by exclusive reliance on state law."  *Id.*  Thus, under the well-pleaded

18  complaint rule, federal-question jurisdiction arises where the "complaint establishes either that

19  federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on

20  resolution of a substantial question of federal law."  *Franchise Tax Bd.*, 463 U.S. 1, 27-28 (1983).

21       This is an unlawful detainer action, which is purely a creature of California law.  Thus,

22  federal law does not create the cause of action.  *Wells Fargo Bank v. Lapeen*, 2011 WL 2194117,

23  at *3 (N.D. Cal. June 6, 2011); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2 (C.D.

24  Cal. Nov. 22, 2010).  Moreover, the Court concludes that the claim will not necessarily depend

25  upon the resolution of a substantial question of federal law.  Furthermore, a court cannot exercise

26  removal jurisdiction on the ground that the complaint gives rise to a potential or an anticipated

27  *defense* that might raise a federal question, even if the defense is the only question truly at issue in

28  the case.  *Franchise Tax Board*, 463 U.S. at 10, 14; *see also Caterpillar*, 482 U.S. at 393 ("[I]t is

United States District Court
Northern District of California

2

now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.") (emphasis in original).

In addition, with respect to the PTFA, this statute expired at the end of 2014, years before Plaintiff moved to evict Defendants. *See Fairview Tasman LLC v. Young*, 2016 WL 199060, at *2 (N.D. Cal. Jan. 18, 2016); *Borquist v. Nino*, 2017 WL 386299, at *1 (N.D. Cal. Jan. 27, 2017). Also, the Ninth Circuit made clear that the PTFA did not create a private right of action. *Logan v. U.S. Bank Nat'l Ass'n*, 722 F.3d 1163, 1169, 1173 (9th Cir. 2013). Therefore, there cannot be any federal claim for ejectment under the PTFA. Accordingly, there is no federal question jurisdiction.

The Court also determines that it does not have diversity jurisdiction over this matter. "In unlawful detainer actions, the right to possession is contested, not title to the property, and plaintiffs may collect only damages that are incident to that unlawful possession." *Federal Home Loan Mortgage Corp. v. Pulido*, 2012 WL 540554 (N.D. Cal. Feb. 17, 2012). Although the Plaintiff does not allege the amount of damages in the Complaint, it is unlikely that the amount in controversy exceeds the jurisdictional amount of $75,000. Defendants have the burden of showing with legal certainty that the amount in controversy exceeds $75,000. *See Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007)). Defendants have not done so here.

Diversity jurisdiction is lacking for another independent reason. 28 U.S.C. § 1441(b) prohibits removal where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action. *See Spencer v. U.S. Dist. Ct. for Northern Dist. (Altec Indus., Inc.)*, 393 F.3d 86, 870 (9th Cir. 2004). Once any "local defendant (a citizen of the forum state) has been served, the action cannot be removed by that defendant, or by any other defendant." *Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991). Here, the complaint alleges that Defendants reside at the subject property, located in Contra Costa County, California, and therefore are citizens of California. (Dkt. No. 1.) Because Defendants are citizens

of California, they are precluded from removing this action on the grounds of diversity.

Therefore, the Court lacks subject matter jurisdiction to hear this matter. The Court thus recommends that this action be REMANDED to the Contra Costa County Superior Court. Any party may object to this recommendation within fourteen days of the filing date of this order. *See* Fed. R. Civ. P. 72(b).

**IT IS SO ORDERED**.

Dated: May 15, 2025



SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California