1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

US NATIONAL BANK ASSOCIATION,

Plaintiff,

v.

SUSANNA ROUX VAN-GREUNEN, et al.,

Defendants.

Case No.  25-cv-04123-JD

**ORDER RE REPORT AND RECOMMENDATION**

This is an action for unlawful detainer brought by plaintiff U.S. National Bank Association (U.S. Bank), which was removed to this Court from Contra Costa County Superior Court by *pro se* defendants Susanna Van-Gruenen and Ronald White.  Dkt. No. 1.  The case was assigned to Magistrate Judge Sallie Kim, who granted defendants' petitions to proceed *in forma pauperis* (IFP), screened the complaint pursuant to 28 U.S.C. § 1915(e)(2), and filed a Report and Recommendation recommending the case be remanded for want of subject-matter jurisdiction.  Dkt. No. 5.  The Report concluded that the complaint did not furnish a basis for federal-question jurisdiction because it raised solely state law claims.  *Id.* at 2-3.  It also concluded that diversity jurisdiction was lacking because the amount in controversy was not met and that removal is statutorily prohibited when the defendant is a citizen of the state in which the suit is brought.  *Id.* at 3-4.  Neither defendant filed objections to the Report, and the time to do so has passed.  After an independent review, the Court adopts the Report in main part and remands the case to the Contra Costa County Superior Court.

1    When a federal court grants IFP status to a litigant, the court "shall dismiss" any case in

2 which it determines that "the action . . . fails to state a claim on which relief may be granted."  28

3 U.S.C. § 1915(e)(2)(B)(ii).  As a court of limited jurisdiction, the Court has an independent duty to

4 "examine the propriety of [its] subject matter jurisdiction."  *In re Lievsay*, 118 F.3d 661, 662 (9th

5 Cir. 1997) (citation omitted).  Because defendants seek to invoke the Court's jurisdiction, they

6 bear the burden of establishing federal jurisdiction for purposes of removal.  *See Valdez v. Allstate*

7 *Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

8    U.S. Bank's complaint does not furnish a basis for federal-question jurisdiction.  *See*

9 *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391-93 (1987).  The complaint alleges only a claim of

10 unlawful detainer under California state law.  Dkt. No. 1 at ECF 9-11.  A federal defense to a state

11 law claim does not create federal-question jurisdiction.  *See Caterpillar Inc.*, 482 U.S. at 393.

12 Defendants say that the Protecting Tenants at Foreclosure Act (PTFA), 12 U.S.C. § 5220 note, *as*

13 *amended by* Pub. L. No. 115-174 § 304, 132 Stat. 1296, 1339 (2018), preempts California law and

14 that, as a result, any claim asserted by U.S. Bank to evict defendants is in effect a claim that arises

15 under the PTFA or to which the PTFA is essential.  Dkt. No. 1 at ECF 3-5.  Not so.  Defendants

16 did not show the "complete pre-emption" doctrine applies.  *Caterpillar Inc.*, 482 U.S. at 393.  In

17 addition, the Ninth Circuit has held there is no private cause of action under the PTFA for U.S.

18 Bank to theoretically assert.  *See Logan v. U.S. Bank Nat'l Ass'n*, 722 F.3d 1163, 1169-73 (9th

19 Cir. 2013).

20    Defendants did not seek removal based on diversity jurisdiction, and the Court concludes

21 that it cannot exercise diversity jurisdiction.  The complaint does not plead a specific damages

22 amount.  Unlawful detainer actions concern solely "the right to possession," *Evans v. Superior*

23 *Court*, 67 Cal. App. 3d 162, 170 (1977), and defendants did not prove "by a preponderance of the

24 evidence" that the damages incident to the allegedly unlawful possession exceed $75,000,

25 *Coleman v. Hat World, Inc.*, No. 23-cv-03437-JD, 2024 WL 422079, at *1 (N.D. Cal. Feb. 5,

26 2024).  Additionally, a case "may not be removed" if any party "served as [a] defendant[] is a

27 citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  The complaint

28 alleges that defendants resided at all relevant times in the at-issue property in California, and

nothing in defendants' removal papers suggests they do not live in California or may not be considered residents of California.

**IT IS SO ORDERED.**

Dated: June 2, 2025

_____
JAMES DONATO
United States District Judge